# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Curt Dupre, III | Civil Action No. 17-409 |
| versus | Judge Rebecca F. Doherty |
| Janeway Law Firm P.C. | Magistrate Judge Carol B. Whitehurst |

## REPORT AND RECOMMENDATION

Currently pending before the Court is a Motion To Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by Defendant Janeway Law Firm P.C. [Rec. Doc. 6], a Response filed by Plaintiff Curt Dupre III [Rec. Doc. 11] and Defendant's Reply thereto [Rec. Doc. 15 ]. For the reasons that follow, the Court recommends that Defendants' Motion be GRANTED.

### *I. Background*

On March 21, 2016, Defendant - a Law Firm hired to collect a debt ("The Debt") on behalf of creditor Cornerstone Quarry 2010 A. Trust ("Creditor") - sent two letters B to Plaintiff, which are attached to the Complaint as Exhibits A and. *R.1, p. 7*. One of the letters was a debt validation notice ("The Debt Validation Notice") required under 15 U.S.C. § 1692g(a) of the Fair Debt Collection Practices Act ("FDCPA") and the other was an acceleration notice ("The Acceleration Notice") made under the loan documents. *R. 6-1, p. 5*. Plaintiff alleges that the two

letters were in violation of the FDCPA because: (1) the letters reflect two different balances of the total debt thereby confusing the debtor, (2) the debt validation notice was deficient in failing to meaningfully convey to Plaintiff that he must request the address of the original creditor if Plaintiff wanted such address, and (3) the acceleration notice demanding payment in full, overshadowed the debt validation notice explaining the debtor's rights. *R. 11, p. 17.*

Plaintiff brought this action against Defendant in this Court on March 16, 2017, under 15 U.S.C. § 1692 *et seq*. *R. 1, p. 7.* Approximately one month later, on April 27, 2017, a trial court in Colorado entered a judgment on The Debt in the amount of $53,590.48 in favor of Creditor and against Plaintiff.[1] *R. 6-1, Exh. A*. Defendant represented Creditor in that matter.

Defendant brings the Motion to Dismiss at bar on the grounds that the claims alleged in the Complaint are "speculative and conclusory and contain bizarre and idiosyncratic characterizations of the communication directed to Plaintiff." *R. 6-1, p.17*. Defendant further seeks costs under Fed.R.Civ.P.54(d)(1) and attorney's fees as allowed by statute including, but not limited to,15 U.S.C. § 1692k(a)(3), on the grounds that Plaintiff's claims were brought in bad faith and for the purpose of harassment. *Id.*

---

[1] Defendant asks the Court to take Judicial Notice of an Order Entering Judgment in *Cornerstone Quarry 2010 A. Trust v. Curt J. Dupre, III,* Jefferson County District Court, Colorado, Civil Action No. 16CV30696 as a record of the District Court of the State of Colorado pursuant to Fed.R.Evid. 201. The Court finds it unnecessary to do so as Plaintiff does not contest this matter.

*II. Legal Standard*

A motion to dismiss for failure to state a claim, under Fed.R.Civ.P. 12(b)(6), is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir.1982) and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," *Id.* at 555, and "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* "While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the

3

grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678. "[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."*Id.* at 663-664. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257(5th Cir.2009).

## III. Analysis

The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e of the FDCPA furnishes a nonexclusive list of prohibited practices, including falsely representing the character, amount, or legal status of any debt (§ 1692e(2)(A)), and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer

(§ 1692e(10)).

Section 1692(g)(a) of the FDCPA, pertaining to the validation of debts, provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Congress ... clearly intended the FDCPA to have a broad remedial scope. *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 510–11 (5th Cir. 2016). The FDCPA should therefore be construed broadly and in favor of the consumer. *Id.*

When evaluating whether a collection letter violates § 1692e or § 1692f, a court must view the letter from the perspective of an "unsophisticated or least sophisticated consumer." *Id.* The court must assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors. At the same time, however, the unsophisticated consumer is not one tied to the very last rung on the [intelligence or] sophistication ladder. *Id.* A debt collector violates the FDCPA by failing to provide the information required by Section 1692g(a). *McMurray v. ProCollect, Inc.,* 687 F.3d 665, 668 (5th Cir. 2012). Merely including the required notice in letters to consumers is not sufficient. The notice must also "be set forth in a form and within a context that does not distort or obfuscate its meaning." A debt collector may violate Section 1692g if other language in its communication with consumers "overshadow[s]" or is "inconsistent with" the statutorily-mandated notice. 15 U.S.C. § 1692g(b).

In *McMurray,* the Fifth Circuit noting that *Peter v. GC Services* [2] was the court's only occasion to interpret 15 U.S.C. § 1692g(a)–(b), explained that courts have generally found contradiction or apparent contradiction of the printed § 1692g notice where payment is demanded in a concrete period shorter than the 30–day statutory contest period. In addition, "[d]emands for 'immediate payment' or payment 'now' have also been found to appear to contradict the 30–day contest period notice, at least where their relationship to the 30–day window is not explained.

---

[2] *Peter v. GC Services L.P.*, 310 F.3d 344, 348 (5th Cir.2002).

By contrast, statements that request payment or other actions with no time period specified have been found not to contradict the § 1692g notice." *Id.* In *Peter*, the Fifth Circuit concluded that because the letter did not demand payment within less than 30 days, it did not violate Section 1692g. *Id.*

Plaintiff's Complaint alleges the following in pertinent part:

> 33. Defendant's March 21, 2016 FDCPA notice letter lists the amount of the Debt owed as of that date as $45,941.27. [Exhibit A].
>
> 34. Defendant's March 21, 2016 FDCPA notice letter purported to contain the notices required in an initial communication by 15 U.S.C. § 1692g(a).
>
> 35. Defendant fails to state that Plaintiff must request *the address* of the original creditor, to require Defendant to also provide the address of the original creditor. Id. (emphasis added).
>
> 38. Defendant's notice of acceleration letter lists the full balance of the Debt as $46,181.10. See Exhibit B.
>
> 39. As both letters reflect different debt balances, Defendant's letters are misleading as to the amount of the Debt Plaintiff allegedly owed.
>
> 40. Moreover, the "notice of acceleration" letter demands payment in full on or before April 20, 2016.
>
> 41. The "notice of acceleration" letter further advised Plaintiff that if payment was not made by April 20, 2016, Defendant would proceed as directed by its client, and that the letter was the "last notice" Plaintiff would receive prior to Defendant "instituting collection proceedings."

7

42. Defendant's "notice of acceleration" letter does not explain how its demand for payment affected Plaintiff's dispute rights under § 1692g.

43. A consumer faced with Defendant's "notice of acceleration" letter is left to wonder what good a dispute would do because Defendant has already notified the consumer that regardless of any dispute, Defendant would take adverse actions if they were not paid before the dispute period elapsed.

44. By failing to provide Plaintiff with accurate statements detailing his right to request information about the original creditor, as well as demanding payment in full within the dispute period provided in its "FDCPA notice letter," Defendant acted in a manner inconsistent with the consumer's rights under § 1692g that would confuse the consumer as to his or her rights under the statute.
*R. 1, p. 7 - 8.*

Plaintiff's Complaint further alleges Defendant violated the FDCPA by the following:

46. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of the Debt in its letters to Plaintiff.

48. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of any debt, such as attempting to send Plaintiff two letters that reflected different balance amounts for the Debt, and then failing to provide an explanation in these letters for the different balance amounts.

50. Defendant violated 15 U.S.C. § 1692g(a) by failing to meaningfully convey to Plaintiff, in its March 21, 2016 FDCPA notice letter, that Plaintiff must request the address of the original creditor, if different from the current creditor, to require Defendant to also provide the address of the original creditor. See 15 U.S.C.

> § 1692g(a)(5).
>
> 52. Defendant violated 15 U.S.C. § 1692g(b) by making statements in its March 21, 2016 "FDCPA notice letter" and its March 21, 2016 "notice of acceleration" letter to Plaintiff that would cause confusion as to his rights under 15 U.S.C. § 1692g(a). See Exhibits A and B.
> *R. 1, p.10-11.*

In its Motion to Dismiss, Defendant points out that there was no violation of 15 U.S.C. § 1692e(2)(A) or 15 U.S.C. § 1692e(10) because the Debt Validation Notice clearly advised Plaintiff of his rights under § 1692g(a). Defendant further points out that the letters were factually accurate because the Debt Validation Notice advised Plaintiff of the amount due as of March 21, 2016, (the date of the letter was issued), explaining that the amount could vary and increase. The Notice of Acceleration then provided the amount due on or before April 20, 2016. Thus, as a matter of law, the "least sophisticated consumer" could not have been confused as the Debt Validation letter clearly stated that "because of interest, late charges and other charges that may vary from day to day, the amount on the day you pay may be greater." *R. 6-1, p. 6.*

Defendant further notes that there is no violation of 15 U.S.C. § 1692g(a) because the Debt Validation Notice contained the following language,

> "3. If you notify us in writing within thirty (30) days of the receipt of this letter that you want to know the name of the original creditor if that creditor is different from the current creditor, then we will obtain and mail to you the name and address of the original

creditor." (Emphasis Added).

Thus, Defendant complied with Section 1692g(a) and nothing more is required, nor does the statute require Defendant to "meaningfully convey" any additional information to Plaintiff. *R. 6-1, p.11*.

Defendant further contends that Plaintiff has failed to state a claim under the 15 U.S.C. § 1692g(a) or (b) because "Plaintiff fails to set forth any specific facts as to how or why he was confused by the context of the letters ... upon receipt of the letters, the Plaintiff had several options available, he could have disputed the debt in writing within 30 days in accordance with § 1692g(a), paid the amount due, or contacted Defendant (or the creditor) and made other arrangements to resolve the debt." *R. 6-1, p. 16*.

Taking all of the allegations of Plaintiff as true, as the Court must do at this stage of the proceedings, the Court agrees with the contentions of Defendant and finds that The Debt Collection Notice complied with the requirements of the FDCPA. Thus, Plaintiff has failed to state a cause of action under 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10) and/or 15 U.S.C. § 1692g(a)(5). The Court also finds that the Notice of Acceleration Letter which required payment on or before April 20, 2017 did not "contradict or overshadow" The Debt Collection Notice which set forth Plaintiff's rights to dispute the claim within 30 days. Thus, Plaintiff has failed to state a cause under 15 U.S.C. § 1692g(a) and (b).

Defendant's Motion requests costs under Fed.R.Civ.P.54(d)(1) and attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) on the grounds that Plaintiff's claims were brought in bad faith and for the purpose of harassment. 15 U.S.C. § 1692k(a)(3) provides in pertinent part:

> On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

Based on the record before it, the Court finds that such sanctions are not appropriate in this case.

*IV. Conclusion*

For the reasons provided in the foregoing, the undersigned recommends that the Motion To Dismiss filed by Defendant, Janeway Law Firm PC. [Rec. Doc. 6] be GRANTED and Plaintiffs' claims against Defendants be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE AND SIGNED this 28th day of July, 2017.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**