UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ROBERT CROOMS, JR.** | **CIVIL ACTION NO. 6:17-CV-0595** |
| **VS.** | **SECTION P** |
| | **JUDGE REBECCA F. DOHERTY** |
| **TROY HEBERT, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

**MEMORANDUM ORDER**

*Pro se* plaintiff Robert Crooms, Jr., proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 2, 2017. Plaintiff is a pretrial detainee in custody at the Jackson Parish Correctional Center ("JPCC"), awaiting trial on unknown charges. His allegations stem from his incarceration at the Vermilion Parish Correctional Center ("VPCC") and his current place of confinement.

He makes numerous allegations against Captain Troy Hebert, Sgt. J.C., Sgt. J. Hebert and Unknown Crew Members, Unknown Acadian Ambulance Workers, Kirk Faith, Federal Agent Troy and the Vermilion Parish Sheriff's Office and the JPCC. Plaintiff also seeks a restraining order against Louisiana State Law Enforcement.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Amend Order*

### 1. Rule 8 Considerations

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant. This conclusion must be supported by specific factual allegations stating the following:

(1)  the name(s) of <u>each person</u> who allegedly violated plaintiff's constitutional rights;

(2)  a description of what actually occurred or <u>what each defendant did to violate plaintiff's rights</u>;

(3)  <u>the place and date(s) that each event occurred</u>; and

(4)  a description of the <u>alleged injury</u> sustained as a result of the alleged violation.

**<u>Plaintiff should amend his complaint and provide the factual allegations as set forth above as they pertain to each individual defendant</u>**.

### 2. *Vermilion Parish Sheriff's Office*

A Louisiana parish sheriff's office is not a legal entity capable of being sued. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir.2002); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 904 (E.D.La.2001);

*Wetzel v. St. Tammany Parish Jail*, 610 F.Supp.2d 545, 548 (E.D.La.2009); *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La.1988). Accordingly, the Sheriff's Office of Vermilion Parish should be dismissed.

### 3. *Acadian Ambulance Workers*

In order to recover under § 1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). In order to prove the deprivation of a right protected by the Due Process Clause of the Fourteenth Amendment, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995). In § 1983 actions alleging the deprivation of due process rights, the Fourteenth Amendment's 'state action' requirement and § 1983's 'under color of state law' requirement collapse into a single inquiry. Id." *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 203 (5th Cir.1996).

The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly

3

described as a state actor. *Landry v. A-Able Bonding, Inc.*, *supra*, at 203-04 (*citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). Plaintiff should amend his complaint to demonstrate that Acadian Ambulance workers are proper defendants in this civil rights action.

### 4. *Access to Law Library*

Plaintiff complains that he has had no access to a law library at either the VPCC or the JPCC. Prisoners have a constitutionally recognized right of access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977). This right "'is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights.'" *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir.1993) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1979)). It is also an "aspect of the First Amendment right to petition the government for grievances." *Id.* at 820-21. The right includes either "adequate law libraries or adequate assistance from persons trained in the law" *Bounds*, 430 U.S. at 828. The right does not guarantee any "particular methodology but rather the conferral of a capability — the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 356, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).

To succeed on a claimed denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. See *id.; Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (holding that to state a sufficient claim of denial of access to the courts, plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. Rather, a plaintiff must demonstrate that the lack of access has prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action under 42 U.S.C. § 1983. *Id.* at 353-54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)). The *Lewis* Court used the analogy of a prisoner who is denied access to that of a healthy prisoner who has been deprived of medical treatment. In both cases, neither the access deprived prisoner, nor the healthy prisoner, have sustained constitutional injury, and thus, are not entitled to relief under Section 1983. 518 U.S. at 351. The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation

as a result of the defendant's alleged unconstitutional conduct. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999).

Plaintiff should amend his complaint to identify any motions that he was unable to file or any nonfrivolous claim that he was unable to pursue. He should amend to allege any facts that amount to a denial of his constitutional right to access to courts that hindered his ability to file a nonfrivolous claim. He should also amend to state whether he has a court appointed attorney in his defense in his criminal trial and, if not, whether he rejected the court's appointment of same.

### 5. *Restraining Order*

In his Amended Complaint filed on May 22, 2017 [Rec. Doc. 8], plaintiff seeks a restraining order against the State of Louisiana law enforcement to prevent retaliation for filing the instant suit. Plaintiff cannot prevail because he has not demonstrated a substantial threat of irreparable injury. His claims are not the sort which would be remedied by the issuance of a TRO. Further, plaintiff has not yet shown a substantial likelihood of success on the merits. His pleadings at present fail to state other than various conclusory claims for relief and he has been directed to amend. Finally, the relief plaintiff seeks through this request for injunctive relief is too amorphous and non-specific.

### *Conclusion and Order*

Before this court determines the proper disposition of plaintiff's complaint, plaintiff should be given the opportunity to remedy the deficiencies identified above. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Therefore,

**IT IS ORDERED** that plaintiff amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, precisely stating what each named defendant did to violate plaintiff's constitutional rights, and alternatively, <u>dismiss those claims or defendants plaintiff is unable to cure through amendment</u>.

**IT IS FURTHER ORDERED** that plaintiff's request for a restraining order is hereby **DENIED.**

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under L.R. 41.3.**

In Chambers, Lafayette, Louisiana, July 27, 2017.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE